**In re B & F CONSTRUCTION, INC., Debtor.**

**Bankruptcy No. 89–10104.**

United States Bankruptcy Court, D. Rhode Island.

March 30, 1994.

Matthew J. McGowan, Salter, McGowan, Swartz & Holden Inc., Providence, RI, Chapter 7 Trustee.

James M. Langan, Jr., Langan, Dempsey & Brodigan, Boston, MA, for Iron Workers Dist. Council of New England.

### ORDER

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Before the Court is the Chapter 7 Trustee's objection to claims filed by the Iron Workers District Council of New England. The Union argues that these claims, filed under 11 U.S.C. § 507(a)(4), totaling $35,492, are entitled to priority status as unpaid employer contributions to employee benefit plans.[1] The Trustee objects on the ground that the amount claimed as priority exceeds the statutory limit.

Section 507(a)(4) of the Code grants priority status to claims for unpaid employer contributions to employee benefit plans. The statute states in part:

(4) Fourth, allowed unsecured claims for contributions to an employee benefit plan:

(A) Arising from services rendered within 180 days before the date of the filing of the petition or the date of the cessation of the debtor's business, whichever occurs first; but only

(B) for each such plan, to the extent of—

(i) the number of employees covered by each such plan multiplied by $2000; less

(ii) the aggregate amount paid to such employees under paragraph (3) of this subsection, plus the aggregate amount paid by the estate on behalf of such employees to any other employee benefit plan.

11 U.S.C. § 507(a)(4).

The I.W.D.C. argues that the dollar limit under § 507(a)(4) is "[t]he number of employees covered by each such plan multiplied by $2,000." This interpretation would result in a $34,000 priority claim for the 17 employees of the Debtor.

The Trustee contends that a claim filed pursuant to § 507(a)(4) must be for *services rendered* within 180 days prior to the bankruptcy filing, and that the maximum allowable recovery under § 507(a)(4) is $2,000 per employee, less any wage claim under § 507(a)(3). He also argues that if the claim is allowed as filed it would violate the provisions of § 507(a)(4) and would permit compensation as de facto contributions to said funds for hours never worked by certain employees. The Trustee has appended a

---

1. The Claimants state that payments are due under three employee benefit plans—the Iron Workers District Council of New England Pension Fund, Health and Welfare Fund, and Vacation Fund. The Claimants stipulate that the claims under these three plans may be treated as one aggregate claim.

schedule to his objection showing that the total priority claim should be $15,051.78, based on the number of hours actually worked by each employee.[2] The schedule lists every employee, the number of hours worked by each employee in the 180 days prior to the bankruptcy filing, the contribution to the employee benefit plans based on the hours worked, and the total priority claim for each employee.

We agree with the Trustee's analysis, and conclude that the maximum recovery under § 507(a)(4) is $2,000 *per employee* for *actual services rendered*, less any claims paid under § 507(a)(3) or (4). *See In re Columbia Packing Co.*, 47 B.R. 126, 131–32 (Bankr.D.Mass. 1985); 11 U.S.C. § 507(a)(4). This Court has held previously that "Section 507(a)(4) gives priority to allowed unsecured claims for contributions to employee benefit plans which arose 180 days before the date of the filing of the petition and subject to the $2000 *per employee limit provided in § 507(a)(3)*." *In re Nat'l Bickford Foremost, Inc.*, 116 B.R. 351, 352 (Bankr.D.R.I.1990) (emphasis added); *see also In re Saco Local Dev. Corp.*, 711 F.2d 441, 443 (1st Cir.1983); *In re Columbia Packing Co.*, 47 B.R. at 129. To allow the employees' claims as filed would violate the plain meaning of the statute in question.

Accordingly, the Trustee's Objection is sustained, the Iron Workers District Council of New England is allowed a priority claim under § 507(a)(4) in the total amount of $15,-051.78, which sum shall be pro-rated among the members of all three employee benefit plans according to the Trustee's Schedule A. The balance of said claims for unpaid employee benefits are allowed as general unsecured claims.

Enter Judgment consistent with this opinion.

---

2. The contributions to the employee benefit plans are a percentage of the employees' wages, which is dependent on the actual number of hours worked by each employee in the 180 day period.